## No. 162

### PARKER et al v. TAX COMMISSION of OHIO

Ohio Appeals, 5th Dist., Ashland.Co.

No. 154. Decided Dec. 27, 1926

**635. INHERITANCE TAXES**—Any transfer of property from a resident, if shown to have been made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property, if so made within two years prior to the death of the transferor shall, unless otherwise shown, be held to have been made in contemplation of death.

First Publication of this Opinion

HOUCK, J.

F. E. Myers died intestate, Feb. 2, 1923. He was a widower and left as his surviving heirs at law, three children: Mary Myers Parker, John C. Myers and Helen Myers Miller.

The Probate Court of Ashland County determined that the estate subject to the inheritance should include items of property appraised by the county auditor at $5,281,140.25 which had been given away by the decedent within two years prior to his death. The estate has already paid the tax on approximately $6,000,-000.

In the exceptions filed, further objections Court computed the taxes due with respect to were made to the method by which the Probate different successions to each of the individual plaintiffs in error; and to the value at which the auditor appraised; and the Court included as subject to the inheritance tax, a parcel of real estate subject to long term lease. The Probate court overruled the exceptions and gave judgment to the Commission for the amount of the inheritance tax based upon the entire sum of $5,281,140.25.

The Ashland Common Pleas on the trial of the case de novo, found that the estate subject to tax should not include certain items of gifts; and that the tax should be computed on the sum of $3,442,951.29. The Court of Appeals held:

1. The decisive question here is, were the gifts in question, made by F. E. Myers in contemplation of death?

2. "In contemplation of death means that the expectation of death which actuates the mind of the person on the execution of his will." 5331 GC.

3. "Any transfer of property from a resident if shown to have been made without a valuable consideration - - - if so made within two years prior to the death of the transferor, shall, unless shown to the contrary, be determined to have been made in contemplation of death - - - - etc." 5332-2 GC.

4. Sec. 5332 GC. provides that a tax is levied upon the succession to any property passing in the .following cases (among others):—
3. "When the succession is to property from a resident - - - by .deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or moneys worth to the full value of such property."

(a) In contemplation of the death of the grantor, or

(b) Intended to take effect in possession or enjoyment at or after such death - - -"

5. The cross-petition of the defendant in error should be dismissed, which is now done.

6. The judgment of the Common Pleas Court as to gifts 1, 2 and 4 are affirmed; and reversed as to gift number 3.

Judgment as modified, affirmed.

(Shields & Lemert, JJ., concur.)

Attorneys—M. V. Semple and T. G. Thompson, Ashland, for Parker et; C. C. Crabbe and V. H. Gibbs, Columbus, for Commission.

---

## No. 163

### FREY et v. JONES, Admx.

Ohio Appeals, 6th Dist., Wood Co.

No. 383. Decided Dec. 13, 1926

**31. ADMINISTRATION OF ESTATES**—Where an administratrix is appointed to administer the estate of a .decedent, a motion asking for a receiver for benefit of creditors is properly overruled, for the creditors are just as amply protected in this manner as through the instrumentality of a receiver, and at less expense to the creditors.

First Publication of this Opinion

CULBERT, J.

Mayme Frey, et al., brought an action against Creath Jones, as administratrix of the estate of William Jones on a note for $300, due in one year after date. It was alleged that the decedent died prior to the end of the year, that the note had not been paid, that he had conveyed to his wife, Creath Jones, certain property; and that the plaintiff had begun an action to set aside a conveyance so made by the debtor to his wife.

A judgment was rendered in favor of Frey et., setting aside the deed of conveyance. The plaintiff, as a creditor, then filed a motion asking for the appointment of a receiver to take charge of and administer for the benefit of the creditors of William Jones, including the plaintiff, the property described in the petition. The motion was overruled and error was prosecuted, the Court of Appeals holding:

1. It appears that prior to the time of filing the petition in the Common Pleas Court, Frey et al, applied to the Probate Court for the appointment of an administrator of the estate of the decedent, and Creath Jones was appointed as administratrix.

2. It further appears that she was then in the process of administering his estate, which must necessarily be for the benefit of all the creditors including Frey, et al.

3. The provisions of 11102 to 11106 GC., in regards to appointing of receivers, do not apply in a case of this kind. So far as the creditors of the decedent are concerned, including Frey, et al, their claims will be as well protected by the administration of his estates at the hands of the administratrix as through the instrumentality of a receiver and at a much less expense to the creditors.

Judgment affirmed.

(Richards & Williams, JJ., concur.)

Attorneys—Benjamin F. James for Frey, et; Earl D. Bloom for Jones; all of Bowling Green.